UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JAMIE PHILLIP PERRY,

     Plaintiff,

                                          Case No. 1:26-cv-1103

v.

                                          HON. JANE M. BECKERING

STATE OF MICHIGAN, et al.,

     Defendants.

_____/

**OPINION AND ORDER**

Plaintiff Jamie Phillip Perry, proceeding *pro se* and *in forma pauperis,* initiated this prisoner civil rights action against the State of Michigan, the United States of America, Barry County, and the City of Niles.   On April 13, 2026, the Magistrate Judge issued a Report and Recommendation, recommending that the action be dismissed upon initial screening pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b) for lack of jurisdiction and/or failure to state any claim upon which relief may be granted.   The matter is presently before the Court on Plaintiff's April 27, 2026 objections to the Report and Recommendation (ECF Nos. 8 & 11).[1]  In accordance with

---

[1] On April 24, 2026, Plaintiff filed a Notice of Appeal in the Sixth Circuit from the Report and Recommendation (ECF No. 10).   In general, "[a]n appeal, including an interlocutory appeal, 'divests the district court of its control over those aspects of the case involved in the appeal.'" *Coinbase, Inc. v. Bielski*, 599 U.S. 736, 740 (2023) (quoting *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982)).   However, jurisdiction did not transfer with the filing of Plaintiff's Notice of Appeal because any review of the magistrate judge's ruling must first be sought in the district court. *See Hoven v. Walgreen Co.*, 751 F.3d 778, 782 (6th Cir. 2014) (citing *Ambrose v. Welch*, 729 F.2d 1084, 1085 (6th Cir. 1984) (per curiam) for the determination that appellate jurisdiction was lacking on these facts); *Liu v. Lancer Ins. Co.*, No. 24-6057, 2025 WL 1490117, at *1 (6th Cir. Feb. 24, 2025) (same).

28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been made.  The Court denies the objections and issues this Opinion and Order.

The Magistrate Judge recommends that the Court dismiss Plaintiff's claim against the United States for lack of jurisdiction (R&R, ECF No. 6 at PageID.18–19).  The Magistrate Judge recommends that this Court dismiss his claim against the State of Michigan based on Eleventh Amendment immunity and/or failure to state a claim (*id.* at PageID.19).  Last, the Magistrate Judge recommends that this Court dismiss Plaintiff's remaining § 1983 claims because Plaintiff's Complaint is "devoid of any allegation suggesting that his alleged constitutional injuries were the result of official policies or customs employed by Berrien County or the City of Niles" (*id.* at PageID.20).

This Court's Local Rules require a party objecting to a magistrate judge's report and recommendation to "specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections."  W.D. Mich. LCivR 72.3(b).  28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(3), in turn, require this Court to perform de novo consideration of those portions of the Report and Recommendation to which objections are made.

In his objections, Plaintiff merely restates his legal positions without referencing the Magistrate Judge's analysis, let alone identifying any factual or legal error therein.  *See* ECF No. 8 at PageID.25–27.  Consequently, Plaintiff's objections are properly denied.  Additionally, a Judgment will be entered consistent with this Opinion and Order.  *See* FED. R. CIV. P. 58; *see also Moniz v. Hines*, 92 F. App'x 208, 212 (6th Cir. 2004) ("[A]s both its spirit and structure make clear, § 1915 does not afford a district court discretion to permit a plaintiff to amend his complaint

2

after its dismissal under § 1915(e)(2).").    Last, consistent with the Magistrate Judge's recommendation, this Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this Judgment would not be taken in good faith.  *See McGore v. Wrigglesworth*, 114 F.3d 601, 610–11 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211–12 (2007).

Accordingly:

**IT IS HEREBY ORDERED** that the Objections (ECF Nos. 8 & 11) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 6) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Complaint (ECF No. 1) is DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b) for the reasons stated in the Report and Recommendation.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.

Dated:  June 10, 2026                             /s/ Jane M. Beckering
                                                  JANE M. BECKERING
                                                  United States District Judge